CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 14 2007

JOHN F. CORCORAN, CLERK
BY: /s/ K. Bolton
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE No. 5:07cr00037 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| KELLY ELAINE LOCKHART, | ) | |
| | ) | By:  Hon. James G. Welsh |
| Defendant | ) | U.S. Magistrate Judge |
| | ) | |

The Grand Jury previously returned a Superseding Indictment ("Indictment') charging this defendant in Count One with knowingly combining, conspiring, confederating, and with diverse persons, both known and unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute, and possess with the intent to distribute, no later than December 2006, more than fifty (50) grams of a mixture or substance containing cocaine base (commonly called "crack"), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846; in Count Four with knowingly and willfully manufacturing, distributing and possessing with intent to distribute, or the aiding and abetting of same, on or about March 13, 2007, more than five (5) grams of "crack", a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2; in Count Five with knowingly and willfully manufacturing, distributing, and possessing with intent to distribute, or aiding and abetting same, on or about March 22, 2007, more than five (5) grams of "crack", a Schedule II narcotic controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2; and in Count Six with knowingly and

willfully manufacturing, distributing and possessing with intent to distribute, or aiding and abetting same, on or about April 17, 2007, a measurable quantity of "crack", a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2. The defendant was previously arraigned and entered a plea of Not Guilty to each of these charges. The defendant having now indicated an intent to change her plea, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on December 6, 2007. The defendant was at all times present in person and with her counsel, Michael T. Hemenway.. The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered pleas of guilty to Counts One, Four, Five and Six of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury and

that she understood the government's right, in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that her full legal name is Kelly Elaine Lockhart, that she is forty-eight (48) years of age, that she completed the ninth grade in school in Virginia, and that she can read, write and understand English without difficulty. She denied having any medical condition, either physical or mental, which might interfere with her ability to understand and participate fully in the proceedings; she similarly denied using any medication or drugs which might impair her ability to understand and participate fully in the proceedings, and she stated that her mind was clear. Counsel for the defendant represented that he had no reservations about the defendant's competency to change her prior pleas and to enter pleas of guilty to the charged offenses.

The defendant testified that she had discussed the charges with her attorney and that she had previously received a copy of the Indictment against her. She testified that she understood the charges against her and she understood that each is a felony. *See* Rule 11(b)(1)(G). She testified that she had been given adequate time to prepare any defenses she might have to the charges contained in the Indictment, that she was fully satisfied with the services of her attorney, and that it was her intention and desire to change her prior pleas and to enter pleas of guilty to four of the charges against her.

The attorney for the government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including the terms of the agreed sentencing guideline

3

provisions and the defendant's agreement to be bound by the court's drug weight determination (¶ 3); the defendant's agreement to plead guilty to Counts One, Four, Five and Six of the Indictment (¶ 2); the defendants acknowledgment of the maximum and mandatory minimum sentences for the offenses set forth in Counts One, Four, Five and Six (¶ 1); the defendant's obligation to pay a One Hundred Dollar ($100.00) special assessment per felony count for which she is convicted (¶ 6); the agreement's provision pertaining to the defendant's offense role (¶ 4); the agreement's provision pertaining to the defendant's acceptance of responsibility (¶ 5); the provision setting forth the defendant's waiver of her right to appeal her conviction and sentence (¶ 9); her waiver of her right to a jury determination of all sentencing guideline issues (¶ 3); the terms of the defendant's waiver of her rights to attack collaterally either her conviction or any part of the sentence which might be imposed by the court (¶ 10); the terms of the defendant's waiver of any right to access investigation or prosecution records (¶¶ 9 and 11); the agreement's provision concerning any evidence proffered by the defendant (¶ 7); the agreement's substantial assistance provision (¶ 15); the defendant's obligation to provide a financial statement (¶ 8); the agreement's provisions concerning the abandonment of any contraband (¶ 12), the agreement's forfeiture provision (¶ 16); the terms of the defendant's statute of limitations waiver (¶ 13); and the substance of the agreements other terms (¶¶ 14, 17 through 19).

Counsel for the defendant and the defendant then separately stated that their understanding of the plea agreement was the same as that set forth by the government's attorney. Counsel for the defendant further represented that all of the terms of the plea agreement had been reviewed with the defendant and that he was satisfied that the defendant understood each of its terms. The defendant then testified that no one had made any other, different or additional promise or assurance of any kind

4

in an effort to induce her to enter into the plea agreement or to enter pleas of guilty in this case and that no one had attempted in any way to force her to plead guilty. She stated that she knew that her pleas, if accepted, would result in her being adjudged guilty of four felony offenses and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

She expressly acknowledged that she was proposing to enter pleas of guilty to Counts One, Four, Five and Six of the Indictment which charged her with the four specific felony offenses set forth above and also set forth in paragraph 1 of the written plea agreement.

After the attorney for the government stated the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment and the mandatory minimum penalty provided by law for the offenses charged in Counts Four and Five, the defendant acknowledged unequivocally that she understood ten (10) years imprisonment to be the mandatory minimum penalty [1] which the court would be required to impose if her plea of guilty is accepted to Count One of the Indictment, that five (5) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if her plea of guilty is accepted to Count Four of the Indictment, and that five (5) years imprisonment to be the mandatory minimum penalty which the court would be required to impose if her plea of guilty is accepted to Count Five of the Indictment. *See* Rule 11(b)(1)(I).

---

[1] The defendant was informed that a sentence of less than the mandatory minimum, however, was possible if the government in its discretion chose to make a motion pursuant to 18 U.S.C. § 3553(a) on her behalf, or if she qualified for the "safety valve" exception set forth in 18 U.S.C. § 3553(f).

After the attorney for the government stated the maximum possible penalty provided by law for the offenses charged in Counts One, Four, Five and Six of the Indictment, the defendant expressly acknowledged that she understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for the remainder of her life and a $4,000,000.00 fine, that she understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Four of the Indictment to be confinement in a Federal penitentiary forty (40) years and a $2,000,000.00 fine, that she understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Five of the Indictment to be confinement in a Federal penitentiary forty (40) years and a $2,000,000.00 fine, and that she understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Six of the Indictment to be confinement in a Federal penitentiary twenty (20) years and a $1,000,000.00 fine. *See* Rule 11(b)(1)(H).

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She acknowledged that she understood the court may order her to make full restitution to any victim and

may require her to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). She also stated that she knew that she would be required to pay a mandatory Four Hundred Dollar ($400.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, she acknowledged that she understood the court would not be able to determine the recommended guideline sentence for her case until after the presentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer. She acknowledged that she understood, irrespective of any sentence imposed by the court, she would have absolutely no right to withdraw her plea of guilty. She was informed and acknowledged that parole had been abolished and that she would not be released on parole.

Each of the defendant's procedural rights surrendered on a plea of guilty was also explained, including: her right to persist in her previous pleas of not guilty to the offenses charged against her; her attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; her right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; her right to be protected from compelled self-incrimination; her right to testify and to present evidence in her defense; her right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in her defense; her

presumption of innocence; the obligation of the Government to prove her guilt beyond a reasonable doubt; the right on her part to decline to testify unless she voluntarily elected to do so in her own defense; and her right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that she understood her right to persist in her pleas of not guilty and the attendant rights that she would waive upon entry of guilty pleas to Counts One, Four, Five and Six. *See* Rule 11(b)(1)(F).

The defendant then stated under oath that she was pleading guilty because she was in fact guilty of the crimes charged Counts One, Four, Five and Six of the Indictment. In response to further questioning to ensure that her proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) her plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that her decision to plead guilty was in fact fully voluntary on her part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the defendant's guilty pleas, counsel for the government submitted a written statement summarizing the principal facts the government was prepared to prove at trial. After confirming that this written statement had been fully reviewed with the defendant, both the defendant and her attorney agreed that it fairly summarized the government's evidence.

After consultation with her attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging the defendant's violation of Title 21, United States Code, Section 846; a plea of GUILTY to Count Four alleging the defendant's violation of Title 21,

United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2; plea of GUILTY to Count Five alleging the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2; and plea of GUILTY to Count Six alleging the defendant's violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

After entering her pleas as aforesaid, after an independent basis for the pleas was established and after being informed that the undersigned would recommend acceptance of her aforesaid pleas, the defendant reiterated that her pleas of guilty were fully voluntary and that she was fully satisfied with the advice, assistance and services of her attorney. The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

### B.   GOVERNMENT'S EVIDENCE

The Government submitted for filing in open court a written statement of facts. After ascertaining that the defendant was fully aware of its contents and that she and her attorney agreed to its accuracy, it was received and filed without objection and made a part of the record. It is incorporated and made a part hereof by reference.

### C.   FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas;

2. The defendant is fully aware of the nature of the charges and the consequences of her change of pleas;

3. The defendant is fully informed, and she understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering her guilty pleas, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and her tender of pleas of guilty to Counts One, Four, Five and Six were all made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's entry of a plea of guilty to Count Four was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

8. The defendant's entry of a plea of guilty to Count Five was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

9. The defendant's entry of a plea of guilty to Count Six was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

10. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other than those contained in the plea agreement;

11. The plea agreement complies with the requirements of Rule 11(c)(1); and

12. The evidence presents an independent basis in fact supporting each essential element of the four offenses to which the defendant is pleading guilty.

## D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to Count One, to Count Four, to Count Five and to Count Six and that a sentencing hearing be scheduled before the presiding district judge on March 17, 2008 at 10:00 a.m.

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

12. The evidence presents an independent basis in fact supporting each essential element of the four offenses to which the defendant is pleading guilty.

## D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to Count One, to Count Four, to Count Five and to Count Six and that a sentencing hearing be scheduled before the presiding district judge on March 17, 2008 at 10:00 a.m.

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: this 14th day of December 2007.

s/ James G. Welsh<br>United States Magistrate Judge